UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

OSCAR GUERRERO TRUCKING, INC. et al.,

Plaintiffs,

v.

KERI BRADY, DIRECTOR OF THE U.S. CUSTOMS AND BORDER PROTECTIONS, et al.,

Defendants.

Case No.: 19cv2321-L-JLB

**ORDER GRANTING MOTION TO DISMISS**

**[ECF No. 5]**

Pending before the Court is the Government's Motion to Dismiss or for Summary Judgment. Plaintiffs filed an opposition and the Government replied. The motion is decided on the briefs without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated below, the motion is granted insofar as based on failure to state a claim and denied on all other grounds.

Plaintiff Oscar Ariel Guerrero has been involved in the cross-border transportation business for over twenty years. (Civ. Compl. for Dec. and Injunct. Relief Under the Admin. Proced. Act, ECF No. 1 ("Compl.") Ex. 1 (aff. of Oscar Ariel Guerrero

/ / / / /

("Guerrero Aff.")) ¶ 4.)[1] He operates two transportation companies, Plaintiff Oscar Guerrero Trucking, Inc. in San Diego ("Guerrero Trucking") and Guerrero's Trucking in Tijuana, Mexico. (Guerrero Aff. ¶ 2.) In 2009 and 2011 both companies were certified under the Customs Trade Partnership Against Terrorism by the United States Customs and Border Protection ("CBP"). (*Id.* ¶ 3.) The drivers Mr. Guerrero hires for his companies are certified by the CBP under the Free and Secure Trade for Commercial Vehicles ("FAST") border-crossing program. (*Id.* ¶ 5.)

On August 28, 2014, a truck and trailer operated by one of Mr. Guerrero's employees was found to contain 1,528 kilograms of marijuana and seized at the Otay Mesa Port of Entry. (Guerrero Aff. ¶ 6.) Mr. Guerrero had no knowledge that his employee had used the company truck for this purpose. (*Id.*) He learned of the incident when he received a Notice of Seizure and Information to Claimants form from CBP. (*Id.* ¶ 7; *see also* Compl. Ex. J ("Notice of Seizure").)

Mr. Guerrero submitted a petition for release of the truck and trailer stating he was not involved in the drug transport for which the seizure was made, and, among other things, represented that the employee was FAST-certified. (Guerrero Aff. ¶ 8; Compl. Ex. K.) In a letter dated February 27, 2015, CBP "accept[ed Mr. Guerrero's representations] that [he was] the owner of the property and unaware of the intended illegal use that resulted in seizure." (Compl. Ex. L ("CBP Letter"); *see also* Guerrero Aff. ¶ 9.) The truck and trailer were released to Mr. Guerrero upon submitting, on March 18, 2015, a payment of a $1,050 mitigation fee, seizure expenses, and a signed Hold Harmless and Conditions of Release Agreement. (Guerrero Aff. ¶¶ 9-11; CBP Letter; Compl. Ex. M.)

/ / / / /

---

[1] The facts contained in Mr. Guerrero's Affidavit are restated in the Complaint. (Compl. at 8-10.)

On July 23, 2018, Mr. Guerrero and his wife, Plaintiff Guadalupe Garcia Grande, applied for E2 "investor" visas at the United States Consulate. (Guerrero Aff. ¶ 13; Compl. Exs. C & D (Informacion de Visas de No-Inmigrante for Mr. Guerrero and Ms. Garcia, respectively ("Visa Refusal Sheets"))[2]; *see also* Joint Statement of Undisputed Facts, ECF No. 11 ("Joint Statement") at 1.) They were interviewed at the United States Consulate in Cuidad Juarez. (Joint Statement at 1; *cf*. Guerrero Aff. ¶ 13.) The applications were denied. (Joint Statement at 1;Guerrero Aff. ¶ 13.) On October 30, 2018, Mr. Guerrero's attorney wrote to the consulate regarding the visa refusal. (*See* Compl. Ex. B (Consulate Information Unit letter dated Dec. 3, 2018 ("CIU Letter").) In response, the Consulate Information Unit ("CIU") explained the visa was refused under Section 212(a)(2)(C)(i) of the U.S. Immigration and Nationality Act ("INA") because in his interview Mr. Guerrero "displayed an unusual lack of knowledge regarding multiple drug trafficking incidents committed by his employees," which "led the officer to have reasonable suspicion Mr. Guerrero Serrano was involved in the transportation of drugs in his company trucks." (CIU Letter.)

In relevant part, INA § 212(a)(2)(C)(i) provides:

> **(a) Classes of aliens ineligible for visas or admission**
> Except as otherwise provided in this chapter, aliens who are inadmissible under the following paragraphs are *ineligible to receive visas* and ineligible to be admitted to the United States: [¶]
> > **(2) Criminal and related grounds** [¶]
> > > **(C) Controlled substance traffickers** [¶]
> > > Any alien who the consular officer . . . has reason to believe—
> > > > **(i)** is or has been an illicit trafficker in any controlled substance . . ., or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit

---

[2] Exhibits C and D fail to comply with Civil Local Rule 5.1(a), which provides in pertinent part that "[e]ach document filed, including exhibits where practicable, must be in English . . .." Plaintiffs' Exhibits C and D are presented in Spanish without translation. Furthermore, Rule 5.1(i) requires legible copies. Neither the electronically filed images of Exhibits C and D, nor the courtesy copies provided to the Court are legible.

> trafficking in any such controlled or listed substance . . . or endeavored to do so; or
> **(ii)** is the spouse, son, or daughter of an alien inadmissible under clause (i) . . .,
> is inadmissible.

8 U.S.C. § 1182(a)(2)(C)(i) (italics added, bolding in orig.).

Mr. Guerrero claims he has "never been a trafficker in any illicit or controlled substance." (Guerrero Aff. ¶ 14.) He avers that since the visa denial he has been unable to control his transportation companies, has incurred financial losses due to lost business, and suffered "primarily because of the emotional and psychological effects this has had on my family, my children, and my two businesses." (*Id.* ¶¶ 15, 16.)

Plaintiffs filed a complaint against the Director of the CBP Admissibility Review Office ("ARO"), the CBP Commissioner, the Secretary of the Department of Homeland Security ("DHS"), and the Attorney General of the United States (collectively the "Government")) alleging violations of the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*. ("APA") and due process under the Fifth Amendment of the United States Constitution. Plaintiffs allege the inadmissibility findings made on or around July 23, 2018, against Mr. Guerrero and his wife under INA § 212(a)(2)(C)(i) were arbitrary, capricious and unlawful. (Compl. at 2 (citing Guerrero Aff., CIU Letter, and Visa Refusal Sheets).) They also claim that visas were arbitrarily, capriciously, and unlawfully denied because "CBP *may* also have made a finding against [them] under INA

/ / / / /

[§] 1182(a)(6)(C)(i),"[3] as reflected on another document issued by the consulate. (Compl. at 11 (emphasis added) (citing Ex. E);[4] *see also* Compl. at 2.)

In support of their contention that the findings under INA §§ 212(a)(2)(C)(i) and (6)(C)(i) were erroneous, Plaintiffs cite to a United States Drug Enforcement Administration ("DEA") Report of Investigation dated August 19, 2015. (Compl. at 11 (citing Ex. N ("Report of Investigation).)[5] The Report of Investigation pertains to a tractor cab and trailer registered to Mr. Guerrero's company. These were apparently not the tractor and trailer involved in the prior seizure. (*Cf.* Report of Investigation at 5

---

[3] INA § 212(a)(6)(C)(i) provides in pertinent part:

> **(a) Classes of aliens ineligible for visas or admission**
> Except as otherwise provided in this chapter, aliens who are inadmissible under the following paragraphs are *ineligible to receive visas* and ineligible to be admitted to the United States: [¶]
> **(6) Illegal entrants and immigration violators** [¶]
> **(C) Misrepresentation** [¶]
> **(i) In general**
> Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible.

8 U.S.C. § 1182(a)(6)(C)(i) (italics added, bolding in orig.).

[4] Plaintiffs claim that visas were arbitrarily, capriciously, and unlawfully denied pursuant to § 1182(a)(6)(C)(i), as reflected in Exhibit E to the Complaint. (Compl. at 2.) Exhibit E, presented on the letterhead reflecting U.S. Consulate General, Tijuana, B.C., Mexico, is undated, does not reference any of the Plaintiffs' names, and is entirely in Spanish. A translation has not been provided. *Cf.* Civ. Loc. Rule 5.1(a) (requiring that court filings be in English).

[5] Although Plaintiffs also cite to Mr. Guerrero's Affidavit in support of this contention, neither this contention nor the Report of Investigation is referenced in the affidavit.

(2008 white Kenworth tractor cab) *with* Notice of Seizure (1998 Kenworth Tractor), Guerrero Aff. ¶ 11 (same).) On information and belief, Plaintiffs further allege that the findings under INA §§ 212(a)(2)(C)(i) and (6)(C)(i) were made by DHS and CBP through CBP's ARO office rather than by the United States Consulate. (Compl. at 11.) Plaintiffs seek declaratory and injunctive relief to compel the CBP's ARO office to withdraw or remove the "findings of inadmissibility" made pursuant to INA §§ 212(a)(2)(C)(i) and (6)(C)(i). (Compl. at 2-3.) The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See Allen v. Milas*, 896 F.3d 1094, 1099-1102 (9th Cir. 2018).[6]

The Government moves to dismiss for lack of standing, improper venue, and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Rule 56. All parties' arguments are based on the evidence filed with the Complaint. Accordingly, the Court declines to proceed under Rule 56.

At the time of their visa application, Mr. Guerrero and Ms. Garcia were unadmitted nonresident aliens. Accordingly, they had "no right of entry into the United States, and no cause of action to press in furtherance of [their] claim for admission." *Kerry v. Din*, 576 U.S. 86, 88 (2016) (plurality opinion); *Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972). Their claims in the first instance depend on whether Guerrero Trucking, a San Diego corporation, can assert a claim based on denial of its owners' visa applications. *See Din*, 576 U.S. at 88; *Mandel*, 408 U.S. at 762. The Government argues that Guerrero Trucking lacks Article III standing and should be dismissed under Rule 12(b)(1).

A motion to dismiss for lack of Article III standing challenges the subject matter jurisdiction of the Court. Fed. R. Civ. P. 12(b)(1); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). "Each element of standing must be supported with the manner and

---

[6] Unless otherwise noted, internal quotation marks, citations, footnotes, brackets and ellipses are omitted throughout.

degree of evidence required at the successive stages of the litigation." *Id.* at 1068. For purposes of ruling on a motion to dismiss for want of standing, the court must accept as true all material allegations of the complaint and construe it in plaintiff's favor. *Id.* "[A] nonfrivolous allegation of jurisdiction generally suffices to establish jurisdiction upon initiation of a case." *Perry v. Merit Systems Protection Bd.*, 137 S. Ct. 1975, 1984 (2017).

To satisfy the constitutional Article III standing requirement, a plaintiff must adequately allege (1) an injury in fact, (2) causation, and (3) redressability. *Maya*, 658 F.3d at 1067. The threshold question of standing is distinct from the merits, as it "precedes, and does not require, analysis of the merits." *Id.* at 1068.

The Government contends that Plaintiffs failed to allege that Guerrero Trucking suffered any injury, and that the Guerrero Trucking itself alleges no cause of action or seeks any relief. Although the Complaint alleges as Plaintiffs' injury that they "are unable to reside in the United States and operate Plaintiff-corporation," it also references Mr. Guerrero's affidavit. (Compl. at 17 (citing Ex. A).) In his affidavit, Mr. Guerrero states that the visa denial caused "severe, negative consequences for . . . my business," including loss of control over Guerrero Trucking, loss of customer base, and financial losses. (Guerrero Aff. ¶¶ 15-16; *see also* Compl. at 15-17 (alleging that the Government's action "caused and [is] causing[] Plaintiffs ongoing and substantial injuries").) Further, the causation and redressability elements of standing are apparent on the face of the Complaint. The Court therefore finds that Plaintiffs sufficiently alleged Article III standing on behalf of Guerrero Trucking. The Government's Rule 12(b)(1) motion is denied.

On the merits, the Government argues the Complaint should be dismissed under Rule 12(b)(6) because Plaintiffs cannot state a cause of action either under the Due Process Clause or the APA because the visa denial is not reviewable due to the consular nonreviewability doctrine.

/ / / / /

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998). Finally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or stated in exhibits attached to the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"[O]rdinarily, a consular official's decision to deny a visa to a foreigner is not subject to judicial review." *Allen*, 896 F.3d at 1104.

> The rule is based on the recognition that the power to exclude or expel aliens, as a matter affecting international relations and national security, is vested in the Executive and Legislative branches of government. Unless [the Judiciary branch is] otherwise authorized by treaty or by statute, or where [it is] required by the paramount law of the constitution to intervene, Congress may prescribe the terms and conditions upon which noncitizens may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention.

*Id.*

/ / / / /

A narrow exception exists for review of constitutional claims of American citizens related to visa denials. *Cardenas v. United States*, 826, 1164, 1169 (9th Cir. 2016); *Mandel*, 408 U.S. at 762. Even so,

> when the Executive exercises this power of exclusion negatively on the basis of a facially legitimate and bona fide reason, the courts will neither look behind the exercise of that discretion, not test it by balancing its justification against the [constitutional] interests . . ..

*Mandel*, 408 U.S. at 770; *see also Din*, 578 U.S. at 103-04 (J. Kennedy concurring).[7]

To show that visa denial is facially legitimate and based on a bona fide reason, the consular officer need only cite to the INA provision which forms the basis for denial. *Din*, 578 U.S. at 104-05; *Allen*, 896 F.3d at 1106. Specifically,

> the consular officer must cite an admissibility statute that specifies discrete factual predicates the consular officer must find to exist before denying a visa, or there must be a fact in the record that provides at least a facial connection to the statutory ground of inadmissibility. Once the government has made that showing, the plaintiff has the burden of proving that the reason was not bona fide by making an affirmative showing of bad faith on the part of the consular officer who denied a visa.

*Cardenas*, 826 F.3d at 1172.

Here, the consular officer cited INA § 212(a)(2)(C)(i) and explained that Mr. Guerrero

> displayed an unusual lack of knowledge regarding multiple drug trafficking incidents committed by his employees for the company of which he is the majority owner. This led the officer to have reasonable suspicion Mr.

---

[7] *Din* was a plurality opinion. When, as in *Din*, "a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977). Accordingly, Justice Kennedy's concurrence controls in *Din*. *Cardenas*, 826 F.3d at 1171.

> Guerrero Serrano was involved in the transportation of drugs in his company trucks, leading to the Section 212(a)(2)(C)(i) finding.

(CIU Letter.)

Plaintiffs point to the CBP's finding made more than three years earlier that CBP "accept[ed Mr. Guerrero's representations] that [he was] the owner of the property and unaware of the intended illegal use that resulted in seizure" (CBP Letter) and suggest the consular officer's conclusion is erroneous. However, the consular officer's finding is not inconsistent with this record, as it suggests there were additional drug trafficking incidents. This is supported by the DEA Report of Investigation which suggests there was a second drug trafficking incident in 1995. (*Cf.* Report of Investigation at 5 (2008 white Kenworth tractor cab) *with* Notice of Seizure (1998 Kenworth Tractor), Guerrero Aff. ¶ 11 (same).) Accordingly, in denying Mr. Guerrero's and Ms. Garcia's visa applications, the consular officer provided "a facially legitimate and bona fide reason." Plaintiffs do not contend that the visa applications were denied in bad faith.

To the extent Plaintiffs suggest that the drug trafficking finding was erroneous, this is a legally insufficient ground to challenge visa denial. If the consular officer provides "a facially legitimate and bona fide reason," courts do not "look behind the exercise of that discretion." *Mandel*, 408 U.S. at 770; *see also Loza-Bedoya v. INS*, 410 F.2d 343, 347 (9th Cir. 1969) ("Though erroneous, this Court is without jurisdiction to order an American consular official to issue a visa to any alien whether excludable or not.").

Because the consular nonreviewability doctrine precludes review of Mr. Guerrero's and Ms. Garcia's visa denials, Guerrero Trucking cannot state a constitutional claim based thereon. For the same reason, Plaintiffs cannot state a claim under the APA. *See Allen*, 896 F.3d at 1107-09.

Plaintiffs seek to avoid the consular nonreviewability doctrine by couching their claims as based on a drug trafficking inadmissibility finding made by the DHS and CBP: "Plaintiffs have not sued the U.S. Department of State or any of its officers or sub-offices [*sic*]. Plaintiffs maintain that Defendant CBP made an incorrect determination that

Plaintiff-husband and Plaintiff-wife were inadmissible in the U.S." (Pls' Opp'n to Defs' Mot. to Dismiss or for Summ. J., ECF No. 10 ("Opp'n"), at 7 (citing Compl. at 1-2, 7-8, and 11-17); *see also* Opp'n at 1, 3, 10.) This argument is unavailing for two reasons.

First, Plaintiffs concede that "'State Department' approves or refuses visa applications and CBP admits or refuses admission to individuals." (Opp'n at 9.) Plaintiff's factual allegations, Mr. Guerrero's affidavit, and Plaintiffs' exhibits show that Mr. Guerrero's and Ms. Garcia's visa applications were denied by a consular officer after an interview. (*See* Guerrero Aff. ¶ 13; CIU Letter.) No factual allegations, exhibits, or portions of Mr. Guerrero's Affidavit suggest that they were refused admission by CBP. To the extent Plaintiffs allege this theory in the Complaint, the Court need not accept the allegations as true, as they are contradicted by the exhibits. *Sprewell*, 266 F.3d at 988.

Second, Plaintiffs contend that "[s]ince January 2003, decisions about the inadmissibility of individuals have been the responsibility of CBP and not the U.S. Department of State." (Opp'n at 2 (citing Homeland Security Act of 2002 ("HSA") §§ 1, 428).) Although certain authorities were transferred from the Department of State to the DHS, the HSA preserves the consular nonreviewability doctrine:

> **§ 236. Visa Issuance**
>
> **(b) In general**
> Notwithstanding section 104(a) of the Immigration and Nationality Act (8 U.S.C. 1104(a)) or any other provision of law, and except as provided in subsection (c) of this section, the Secretary[8]—
>
> (1) shall be vested exclusively with all authorities to issue regulations with respect to, administer, and enforce the provisions of such Act and of all other immigration and nationality laws, relating to the functions of consular officers of the United States in connection with the granting or refusal of visas, and shall have the authority to refuse visas in accordance with law . . ., *except that the Secretary*

[8] "The term 'Secretary' means the Secretary of Homeland Security." 6 U.S.C. § 101(16).

> *shall not have authority to alter or reverse the decision of a consular officer to refuse a visa to an alien*; [¶]
>
> **(f) No creation of private right of action**
>
> Nothing in this section shall be construed to create or authorize a private right of action to challenge a decision of a consular officer or other United States official or employee to grant or deny a visa.

6 U.S.C. § 236 (italics added, bolding in orig.).

For the foregoing reasons, the Government's motion to dismiss for failure to state a claim is granted. "In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016).

Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The consular nonreviewability doctrine renders amendment of the Complaint futile. Given the exhibits attached to the Complaint, Plaintiffs cannot plead around the nonreviewability doctrine. Accordingly, leave to amend is denied.

/ / / /

For the reasons stated above, the Government's motion to dismiss for lack of subject matter jurisdiction is denied. The motion for failure to state a claim is granted without leave to amend. The motion for improper venue is denied as moot.

**IT IS SO ORDERED.**

Dated: November 17, 2020

Hon. M. James Lorenz
United States District Judge